IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Peggy Marie Warren, | ) | C/A No. 0:20-3854-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the | ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] | ) | |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI"): Plaintiff's age at filing: <u>57</u>

☒    Disability Insurance Benefits ("DIB"): Date last insured: <u>March 31, 2022</u>

☐    Other:

Application date: <u>November 7, 2018</u>

Plaintiff's Year of Birth: <u>1961</u>

Plaintiff's alleged onset date: <u>May 15, 2018</u>

**Part II—Social Security Disability Generally**

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

    A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  January 9, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1:     Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒ Plaintiff has the following severe impairments:
degenerative disc disease (lumbar spine), myalgias, obesity (20 CFR 404.1520(c) and 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:     ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.957(c) except that she can frequently stoop, kneel, crouch, crawl, balance, and climb ramps and stairs.  She can occasionally climb ladders, ropes and scaffolds.

☒ Plaintiff could return to his/her past relevant work as a janitor and composite job of van driver and patient assistant.

Step 5:     ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☐ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

Date of Appeals Council decision:  August 31, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence,

make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I.     The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity as required by Social Security Ruling 96-8p by failing to properly evaluate the severity of Plaintiff's muscle cramps and by failing to adequately address the objective evidence of Plaintiff's significant spinal condition.

II.    The ALJ did not properly evaluate the subjective symptomology of the Plaintiff.

(See generally Pl.'s Br., ECF No. 22.)

**Oral Argument:**

    ☐ **Held on** _____.

    ☒ **Not necessary for disposition.**

**Summary of Reasons**

Plaintiff argues the ALJ failed to explain how the residual functional capacity ("RFC") accounts for her leg cramps and spinal condition. A claimant's RFC is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3) 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

Additionally, the United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020). Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion." Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio, 780 F.3d at 636); see also SSR 96-8p. Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated. Mascio, 780 F.3d at 636-37. The ALJ must "build an accurate and logical bridge from the evidence to his conclusions." Monroe, 826 F.3d at 189 (quotations and citations omitted).

Plaintiff argues that notwithstanding Plaintiff's testimony concerning her recurring muscle cramps that resulted in difficulties walking, getting out of bed, or getting out of the bathtub as well as medical evidence supporting these allegations, the ALJ erred in failing to include any limitations in Plaintiff's RFC from this condition. (See Tr. 53-54, 57, 64-65, 67) (Plaintiff's testimony); (Tr. 386-87 (September 21, 2018, reports of occasional calf cramping, leg cramps at rest), 405 (February 25, 2019, reports muscle cramping everywhere), 419-22 (December 8, 2018, emergency department, Plaintiff reports experiencing cramping such that she had to lie on the floor during her first day at work), 426 (February 26, 2019, emergency department, reports muscle cramps starting in her face and neck and going down her back and into her legs), 485 (March 13, 2019, reports recurring muscle cramps), 491 (March 29, 2019, reports muscle cramps over entire body, sometimes everyday), 694 (December 3, 2019, complains of cramping in both legs). Plaintiff

argues that these cramps are inconsistent with an ability to perform medium work, and therefore this matter must be remanded for further consideration of the evidence of record.

The Commissioner argues that Plaintiff has failed to show how muscle cramping would preclude the performance of medium work. The Commissioner further argues that that contrary to Plaintiff's assertions, the ALJ considered the longitudinal record which included findings that "Plaintiff was not in acute distress, she walked with a normal gait, and she exhibited full muscle strength and a full range of motion." (Def.'s Br. at 8-9, ECF No. 24 at 8-9) (citing Tr. 16, 355, 358, 383, 386-87, 390, 393, 396, 402-03, 406, 464, 467, 470, 473, 476, 486-92. 525, 528, 627, 630, 695).

Upon through review of the ALJ's decision, Plaintiff's testimony, and the records, the court is constrained to agree with Plaintiff. The ALJ does acknowledge Plaintiff's testimony and some of the records indicating hospitalization for muscle cramps and complaints of muscle cramps. The ALJ also indicates that Plaintiff continued to possess a full range of motion and 5/5 strength in her upper and lower extremities. However, the ALJ observed that

> [i]n the claimant's last listed physical examination which took place in December 2019 she continued to report muscle aches and back pain, but no swelling in the extremities was mentioned (16F). Her motor strength was normal, but there was decreased [sensation] of the knee and medial leg on the right side and decreased sensation of the upper thigh, lateral leg and dorsum of the foot on the left (16F)."

(Tr. 16.) Thus, although the ALJ may have acknowledged these records and this testimony, simply summarizing the testimony and records is not sufficient to permit meaningful review of the ALJ's decision. Here, the ALJ has failed to explain how the evidence supports his conclusion and meaningful review is frustrated. See Monroe, 826 F.3d at 190; Mascio, 780 F.3d 636-37.

In addition to simply summarizing the testimony and medical records, the ALJ's cursory review of Plaintiff's subjective complaints of pain renders the court unable to review this decision.

The ALJ summarizes Plaintiff's testimony, lists the applicable factors including those in SSR 16-3p, and then states the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17.) Although the ALJ summarizes Plaintiff's medical treatment, reports, and findings, some of these appear to in fact support Plaintiff's allegations, and the ALJ has failed to explain why she determined that the records as a whole were inconsistent with Plaintiff's disabling allegations of pain. See Lewis, 858 F.3d at 869 ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton, 596 F.3d at 425). Moreover, other than listing the applicable factors, it is unclear whether the ALJ considered all of them in evaluating Plaintiff's subjective complaints, several of which appear to weigh in Plaintiff's favor. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p, 2017 WL 5180304, at *10 (providing the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). Accordingly, remand is warranted for further consideration and explanation of the ALJ's consideration of Plaintiff's subjective complaints and ultimately how he arrived at Plaintiff's residual functional capacity. See Arakas, 983 F.3d at 95 (stating that "ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions") (quoting Monroe, 826 F.3d at 189).

PJG Consent SSA (Rev 09/10/21)                                                              Peggy Marie Warren

## ORDER

☐   **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒   **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐   **Reversed and remanded for an award of benefits.**

   **IT IS SO ORDERED.**

_____
January 19, 2022                          Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE